**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF RHODE ISLAND**

| | | |
|---|---|---|
| TRUSTEES OF THE LOCAL UNION NO. 17 SHEET METAL WORKERS' INSURANCE FUND, THE LOCAL 17 SHEET METAL APPRENTICESHIP FUND OF RHODE ISLAND and THE LOCAL 17 SHEET METAL INDUSTRY FUND OF RHODE ISLAND | : | |
| v. | : | C.A. NO: 05-444 S |
| RAYMOND MARTIN d/b/a R. MARTIN & SONS | : | |

**<u>AMENDED COMPLAINT</u>**

1. This Court has jurisdiction of this action under the Employee Retirement Income Security Act (ERISA), USC 1001 et seq., specifically 29 USC, Section 1132, and the Labor Management Relations Act, Section 301, 29 USC Section 185 (a) and (c).

2. Venue in the District Court of Rhode Island is proper in that Plaintiffs are seeking enforcement of an agreement entered into by Defendant in Rhode Island, and all parties conduct business within the District of Rhode Island.

3. Local Union No. 17 of Sheet Metal Workers' International Association hereinafter referred to as "the Union," is a labor organization within the meaning of the National Labor Relations Act, Section 2(5), USC 152(5). Union is a duly organized and recognized employee organization under 29 USC 1002(4).

4. Plaintiff TRUSTEES OF THE LOCAL UNION NO. 17 SHEET METAL WORKERS' INSURANCE FUND, THE LOCAL 17 SHEET METAL APPRENTICESHIP FUND OF RHODE ISALND and THE LOCAL 17 SHEET METAL INDUSTRY FUND OF RHODE ISLAND are fiduciaries duly appointed to oversee the administration of a multi-employer plan established under Section 302 of the Labor Management Relations Act for the purpose of providing benefits for employees covered by collective bargaining agreements negotiated by the Local

Union No. 17 of the Sheet Metal Workers' International Association or by its affiliated local unions. Plaintiff Fund is a duly organized and recognized trust fund under 29 USC 1002(1). A copy of the Insurance Trust Agreement and Apprenticeship Agreement are attached hereto and marked Exhibits A and B.

5. The offices of the Plaintiff Fund are located at 200 Midway Road Cranston, RI.

6. Plaintiff Trustees are empowered to bring this action pursuant to 29 USC 1132 and 29 USC 1145.

7. Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS is a resident of the State Rhode Island and does business in the State of Rhode Island, with his usual place of business at 24 Esquire Avenue, Warwick, RI.

8. Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS is an employer by definition of 29 USC 1002(5).

9. Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS is a member of an employer association known as Sheet Metal Contractors Association of Rhode Island.

10. At all times relevant hereto, Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS as a member of the Sheet Metal Contractors Association of Rhode Island, has been a party and signatory to a collective bargaining agreement with the union.

11. Said agreement provides by its terms that Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS in its capacity as employer, shall make contributions for each employee covered thereby to the Local Union No. 17 Sheet Metal Workers' Insurance Fund in the amounts designated for each hour worked for each such covered employee. Said payments to be made no later that the thirtieth (30th) day of each and every month for all hours worked by said employees.

12. Said agreement provides by its terms that Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS in its capacity as employer, upon being determined to be delinquent by the Plaintiff Board of Trustees, is solely responsible for the payment of all attorneys' fees, sheriffs' costs, accounting and court costs involved in the collection of its delinquent obligations.

13. The Plaintiff Board of Trustees has determined that Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS is delinquent in its payment of contributions to the aforementioned fund. Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS has failed to make the required contributions for hours worked by employees for the months of July, August, September 2005 and continuing.

Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS further owes Plaintiffs the additional sum of Forty-Eight Thousand Seven Hundred Thirty-Six and 0/100 ($48,736.00) Dollars for hours worked by employees of Defendant but not reported.

14. This action is brought pursuant to ERISA 29 USC 1001, et seq., specifically 29 USC 1132 and 29 USC 1145 and the Labor Management Relations Act, Section 301, 29 USC 1145 and the Labor Management Relations Act, Section 301, 29 USC Section 185(a) and (c) to recover on account of delinquent contributions due and owing to the Local Union No. 17 Sheet Metal Workers' Insurance Fund by Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS.

15. Plaintiff Funds are qualified plans pursuant to the relevant provisions of the Internal Revenue Code.

16. At various times Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS employed journeymen and owner/employees in classifications of work covered by the applicable collective bargaining agreement in effect between Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS and Union.

17. Notwithstanding prior notice and written demand for payment, Defendant RAYMOND MARTIN d/b/a R. MARTIN & SONS has failed and refused to make required contributions to the Local Union No. 17 Sheet Metal Workers' Insurance for various hours worked by the aforementioned journeymen and owner/employees.

**WHEREFORE**, Plaintiffs pray for the following relief:

1. An award that the Defendant cease and desist from failing to make legally required contributions to the plans;
2. That Defendant be ordered to pay forthwith such contributions to the plans, as this Court shall determine to be due and owing;
3. That Defendant be ordered to pay liquidated damages to the plans in the amount determined by the Court to be due and owing under Paragraph 2 above;
4. That Defendant be ordered to pay reasonable attorneys' fees, sheriffs' costs, accounting and court costs of the action pursuant to its collective bargaining agreement and applicable law;

5. That the Court order an accounting of the Defendant to determine compliance with its contractual obligations to make required contributions to the Local Union No. 17 Sheet Metal Workers' Insurance Fund;
6. That this Court award such further legal and/or equitable relief as it deems appropriate, including, but not limited to pre-judgment interest.

PLAINTIFF
By their Attorney,

Robert D. Goldberg #1733
GOLDBERG LAW OFFICES
226 Cottage Street
Pawtucket, RI 02860
Tel: 401-728-1510
Fax: 401-725-3355

DATED: January 6, 2006